Case 10-00221    Doc 6    Filed 04/22/10    Entered 04/23/10 10:00:13    Desc Main
Document    Page 1 of 4

10-00221:4.3:Motion for Default Judgment:Proposed Findings of Fact and Conclusions of Law Entered: 4/12/2010 2:56:09 PM by:Paul Bach Page 1 of 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>    ERIC L. W. FOX,<br>    DONNA A. FOX,<br><br>    Debtors. | ) Chapter 13<br>) Case No 10 B 48<br>)<br>)<br>) Judge    Schmetterer<br>) Trustee    Vaughn |
| ERIC L.W. FOX AND DONNA A FOX,<br><br>    Plaintiff,<br><br>-vs-<br><br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC., AS NOMINEE FOR<br>COUNTRYWIDE BANK, N.A.; COUNTYWIDE<br>BANK HOME LOANS, INC., BAC HOME<br>LOANS SERVICING, LP FKA COUNTYWIDE<br>HOME LOANS SERVICING, LP.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 10 A 221<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

On April 22, 2010, the Complaint of Eric L.W. Fox and Donna A Fox, the Plaintiffs in this adversary action and the debtor in voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice. The Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiffs in this matter.

Case 10-00221    Doc 6    Filed 04/22/10    Entered 04/23/10 10:00:13    Desc Main
Document    Page 2 of 4

10-00221:4.3:Motion for Default Judgment:Proposed Findings of Fact and Conclusions of Law Entered: 4/12/2010 2:56:09 PM by:Paul Bach Page 2 of 4

## FINDINGS OF FACT

1. Plaintiff is the owner of improved parcel of residential real estate ("Real Estate") commonly known as 1023 Midway Road, Northbrook, IL 60062 and legally described as follows:

   LOT 9 IN NORTHBROOK EAST UNIT 3 RESUBDIVISION OF LOTS 3 TO 16 INCLUSIVE AND LOTS 18 TO 40 INCLUSIVE IN BLOCK 15 IN HUGHES BROWN MOORES CORPORATION'S "COLLINSWOOD" A SUBDIVISION OF SECTION 11, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

   PIN: 04-11-216-050-0000

2. The Real Estate is the Plaintiff's principal residence.

3. An appraisal was conducted by EM Appraisal Services, Inc. and a copy of said appraisal was attached to the Complaint. The appraisal states that the fair market value of the Real Estate is $230,000.00

4. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTYWIDE BANK HOME LOANS, INC., COUNTYWIDE HOME LOANS, INC. and BAC HOME LOANS SERVICING, LP FKA COUNTYWIDE HOME LOANS SERVICING, LP holds a first mortgage lien on the Real Estate and as of the Petition Date (January 4, 2010) there was due and owing on said mortgage $273,026.89.

5. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTYWIDE BANK HOME LOANS, INC., COUNTYWIDE

Case 10-00221    Doc 6    Filed 04/22/10    Entered 04/23/10 10:00:13    Desc Main
Document    Page 3 of 4

10-00221:4.3:Motion for Default Judgment:Proposed Findings of Fact and Conclusions of Law Entered: 4/12/2010 2:56:09 PM by:Paul Bach Page 3 of 4

HOME LOANS, INC. and BAC HOME LOANS SERVICING, LP FKA COUNTYWIDE HOME LOANS SERVICING, LP holds a second mortgage lien on the Real Estate and as of the Petition Date (January 4, 2010) there was due and owing on said mortgage $51,418.75.

6. As of the Petition Date (January 4, 2010), the amounts due and owning on the first mortgage lien exceeded the value of the Real Estate.

7. The Debtor's Chapter 13 Plan provides that the defendants claim will be treated as an unsecured non priority claim.

## CONCLUSIONS OF LAW

1. Jurisdiction lies under 28 USC Section 1334(b) to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer by secured.

2. This is a core proceeding under 28 USC Section 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 USC 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien however can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See First Bank, Inc. vs. Van Wie, 2003 WL 1563959(S.D. Ind.2003); In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony

Case 10-00221    Doc 6    Filed 04/22/10    Entered 04/23/10 10:00:13    Desc Main
Document    Page 4 of 4

10-00221:4.3:Motion for Default Judgment:Proposed Findings of Fact and Conclusions of Law Entered: 4/12/2010 2:56:09 PM by:Paul Bach Page 4 of 4

Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir); There cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing (January 4, 2010) the amount due of the first mortgage exceeded the value of the Real Estate; therefore the Defendants' mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendants' lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be cancelled upon successful completion of the Debtor's Chapter 13 Plan

5. The secured claim of the Defendants against the Real Estate located at 1023 Midway Road, Northbrook, Illinois 60062, is valued at zero.

6. The Plaintiff is entitled to a Judgment Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of debtor's discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtor's discharge.

Date: 4/22/10

United States Bankruptcy Judge

APR 22 2010

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, IL 60065
847 564 0808