UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ERIC L.W. FOX and DONNA A. FOX | ) | Bankruptcy No. 10 B 00048 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ERIC L.W. FOX and DONNA A. FOX | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10 A 00221 |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following entry of default and taking all allegations of the Complaint (entitled "Amended Complaint") as confessed against Defendants, Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Bank, N.A., Countrywide Bank Home Loans, Inc., and BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("Defendants"), the following Findings of Fact and Conclusions of Law are made and will be entered:

## FINDINGS OF FACT

1. The Plaintiffs, Eric L.W. Fox and Donna A. Fox ("Plaintiffs"), are individuals residing at 1023 Midway Road Northbrook, Illinois 60062.

2. Defendants are lenders and/or servicers of mortgages.

3. On January 4, 2010, Plaintiffs filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois as Case Number 10 B 00048.

4. Plaintiffs are the owners of real estate (hereinafter called "the real estate") for the real estate commonly known as 1023 Midway Road, Northbrook, Illinois 60062 and legally described as follows:

> Lot 9 in Northbrook East Unit 3 Resubdivision of Lots 3 to 16 Inclusive and Lots 18 to 40 Inclusive in Block 15 in Hughes Brown Moores Corporation's "Collinswood" a Subdivision of Section 11, Township 42 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois.
> PIN: 04-11-216-050-0000 (the "Debtors' residence")

5. The fair market value at the time of filing of Bankruptcy No. 10 B 48 of the said real estate was $230,000.

6. A First Mortgage lien is currently held by Defendant Mortgage Electronic Registration Systems, Inc. as Nominee for Countywide Bank, N.A. as of the date of filing of this case on January 4, 2010 in the amount of $273,027.19.

7. The other Defendant BAC Home Loan Servicing LP f/k/a Countrywide Home Loans Servicing LP ("BAC") holds a Junior Mortgage originally granted in the amount of $55,000. That Junior Mortgage was recorded in the Office of the Cook County Recorder of Deeds as Document Number 0802511206 on January 25, 2008.

8. Plaintiffs seek through their Chapter 13 Plan to determine the nature and extent of the Junior Mortgage lien of the BAC and void the Junior Mortgage lien.

9. The amount owed on the First Mortgage of at least $273,027.19 exceeds the value of the underlying property, which is $230,000.

## CONCLUSIONS OF LAW

10. This Adversary proceeding arises under §§ 502 and 506 of the United States Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2)(k).

11. Jurisdiction over this Adversary proceeding lies under 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 2.33 of the United States District Court for the Northern District of Illinois, in that this action relates to the Bankruptcy case 10 B 00048, In re Eric L.W. Fox and Donna A. Fox, which is presently pending.

12. Under §§ 506(a) and 506(d), BAC's Junior Mortgage would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, but it is void to the extent it is not a secured claim.

13. Because the Junior Mortgage lien held by BAC is wholly unsecured, it should not be allowed as a secured claim and it may be stripped off. In re Mann, 249 B.R. 831, 840 (1st Cir. BAP 2000); In re Pond, 2001 U.S. App. Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir. 2000); Bartee v. Tara Colony Homeowners Assoc., 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir. BAP 1357); In re Tanner, 217 F.3d 1357 (11th Cir.).

14. Conditional on Debtors' Chapter 13 Plan being confirmed and completed, and Debtors being discharged, the Junior Lien held by Defendant BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP will by this judgment be a nullity as being wholly unsecured. Said Defendant will file a release of the said lien within 28 days after Debtors receive

their discharge. Jurisdiction is reserved to enter supplemental orders quieting title to the real estate as to the Junior Lien.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Entered this _____ day of April 2010.

APR 2 8 2010